UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                              Chapter 7

OMAR SHARIF AMANAT,                                 Case No. 04-43361 (ALG)

                        Debtor.

----------------------------------------------------------------x


**MEMORANDUM OF OPINION DENYING THE PETITIONING CREDITORS'
MOTION FOR SUPPLEMENTAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONAL SERVICES RENDERED**

A P P E A R A N C E S:

EISEMAN, LEVINE, LEHERHAUPT & KAKOYIANNIS
    By:   Eric R. Levine, Esq.
Kevin Waltzer and Michael O. Sanderson
845 Third Avenue
New York, New York 10022

        – and –

ANGEL & FRANKEL, P.C.
    By:   Laurence May, Esq.
Kevin Waltzer and Michael O. Sanderson
460 Park Ave.
New York, New York 10022
Co-Counsel for Petitioning Creditors

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
    By: David L. Tillem
3 Gannett Drive
White Plains, New York 10604
Counsel for Trustee Mark S. Tulis

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

   Before the Court is a motion, pursuant to 11 U.S.C. §§ 503(b)(3)(A) and 503(b)(4), for

supplemental allowance of compensation and reimbursement of expenses for professional

1

services filed by petitioning creditors, Kevin Waltzer and Michael O. Sanderson (the "Petitioning Creditors").

On April 12, 2005, this Court entered an order granting the Petitioning Creditors' unopposed request for fees and expenses incurred in connection with the preparation, filing and adjudication of the involuntary petition and the related motion for appointment of an interim trustee.  The Petitioning Creditors now seek an additional allowance of $45,504.25 in attorney's fees and $2,273.52 in expenses, for a total of $47,777.77, incurred largely in connection with an appeal from the order for relief taken by debtor Omar Sharif Amanat (the "Debtor").  The Petitioning Creditors contend that they should be compensated for their fees and expenses because the Chapter 7 Trustee failed to file an appellate brief within the time period provided by Fed. R. Bankr. P. 8009 and their counsel filled the void, filed the necessary brief, and thereby assertedly prevented the order for relief from being vacated.

The Trustee contends that the Petitioning Creditors are not entitled to attorney's fees and expenses on two grounds.  First, having previously declined the Trustee's offer that their counsel be retained by the Trustee under 11 U.S.C. § 327 to defend the appeal, Petitioning Creditors cannot avoid, at this time, the requirements of that section by claiming that the legal services rendered fall within the scope of §§ 503(b)(3)(A) and 503(b)(4).  Second, while the Trustee did not file an opposition brief on the appeal by its original due date, he did enter into a stipulation with the Debtor extending his time to file the brief.  This stipulation was never "so ordered" by the District Court, presumably because Petitioning Creditors' counsel submitted a brief to the District Court and rendered the stipulation moot.  In any event, the Trustee alleges that the Petitioning Creditors were volunteers whose services, however well-intentioned, were never required.

2

For the reasons stated below, the Petitioning Creditors' motion is denied.

**BACKGROUND**

On November 9, 2004, Jeffry Malonda ("Malonda") filed an involuntary Chapter 7 bankruptcy petition against the Debtor pursuant to § 303 of the Bankruptcy Code. The Petitioning Creditors thereafter filed joinders. On November 29, 2004, the Debtor filed an answer to the involuntary petition in which he denied the standing of the Petitioning Creditors to file the involuntary petition, contended that the Petitioning Creditors were not eligible petitioners under 11 U.S.C. § 303 and asserted that he was paying his debts as they became due. This Court entered an order for relief on January 28, 2005, *In re Amanat*, 321 B.R. 30 (Bankr. S.D.N.Y. 2005), and the Trustee was appointed permanent Trustee.[1] The Debtor appealed the order for relief to the United States District Court for the Southern District of New York by notice of appeal dated February 4, 2005 and an amended notice dated February 25, 2005.

On April 6, 2005, the Trustee contacted the firms that had served as counsel to the Petitioning Creditors and offered to retain one of the firms as counsel to defend the appeal. Both firms declined the offer because they perceived a conflict of interest arising from the Trustee's decision to challenge Waltzer's $6.6 million judgment against the Debtor.[2] The Trustee accepted their decision and contacted the Debtor to obtain an extension of time to file his brief in opposition to the appeal.

---

[1] In the interim, alleging that the Debtor was dissipating and secreting his assets, Petitioning Creditors moved for the appointment of an interim trustee. By order dated December 6, 2004, the Court authorized the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g). The Trustee was appointed as an interim trustee on December 7, 2004. The record of the hearing on the appointment of an interim trustee was included as part of the record on the trial of the § 303 issues.

[2] In January 2003, Waltzer had filed suit against the Debtor and his company, MarketXT Holdings Corp. ("Holdings"), in the New York Supreme Court, alleging, *inter alia*, that the defendants had fraudulently induced him to sell his interest in Holdings by representing that the business was in decline, when, in fact, the company was shortly sold thereafter for substantial sums. In March 2004, a special referee on inquest awarded Waltzer $4.8 million exclusive of pre-judgment interest and costs against the Debtor and Holdings. Waltzer docketed the judgment, then worth $6.5 million, on October 5, 2004 and was in the process of attempting to enforce his judgment when the involuntary petition was filed. *In re Amanat*, 321 B.R. at 33-34.

3

The Trustee and the Debtor entered into a stipulation dated May 19, 2005 to extend the time for the Trustee to file his brief on appeal. By letter to District Judge Casey dated May 20, 2005, the Trustee requested that the Judge "so order" the stipulation, asserted that counsel for the Debtor and the Trustee were discussing a possible resolution of the appeal and added that even if the appeal could not be resolved, the Debtor had agreed that the Trustee could receive an extension of time. On the same day, the last day for answering, the Petitioning Creditors filed a brief in opposition to the appeal. At that point, District Judge Casey had not "so ordered" the stipulation, and the Trustee determined that it would be prudent to withdraw his application for an extension of time to file a brief because the Petitioning Creditors' brief already on file set forth the arguments the Trustee would have made. The appeal was eventually dismissed by the District Court on the Debtor's default, and this case is being administered by the Trustee.

## DISCUSSION

The instant motion is based on 11 U.S.C. § 503(b), which (as applicable in this case filed prior to the 2005 amendments) provides in relevant part:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> \*    \*    \*
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> (A) a creditor that files a petition under section 303 of this title;
>
> \*    \*    \*
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

4

Section 503(b)(4) provides compensation for professional services rendered by an attorney for an entity whose expenses are allowable under § 503(b)(3). *In re Alfred M. DeCarbo*, 152 B.R. 44, 45 (Bankr. Pa. 1993).

Sections 503(b)(3)(A) and 503(b)(4) derive from § 64b of the Bankruptcy Act of 1898. Section 64b identified priority claims and provided, in relevant part:

> The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be ... (3) the cost of administration, including ... one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in the involuntary cases.[3]

Two Second Circuit cases addressed the scope of attorney's fees under § 64b(3). *In re Diamond Fuel Co.*, 6 F.2d 773, 775 (2d. Cir. 1925); *In re Consolidated Factors Corp.*, 59 F.2d 193, 194 (2d Cir. 1932). In *Diamond Fuel Co.*, the initial petitioning creditors requested $30,909.59 in attorney's fees and expenses for services rendered from the filing of the original involuntary petition to the successful prosecution of the case in the District Court, the Court of Appeals, and the Supreme Court. *Diamond Fuel Co.*, 6 F.2d at 775. The referee awarded $12,500, which the District Court increased to $13,500, to be shared by counsel for the initial petitioners and counsel for other petitioners who had joined the proceedings months later. The only question analyzed by the Circuit Court was whether the intervening creditors could share in the award, and the Court held they could not. It otherwise affirmed the award of $13,500 out of the requested $30,909.59 in fees and expenses, but it did not explain whether the amount awarded compensated the attorneys for work on the involuntary petition alone or included fees for work

---

[3] Section 64 of the Bankruptcy Act of 1898 was amended by the Chandler Act, and former § 64b(3) was recodified as § 64a(1). Act of June 22, 1938, ch. 575, § 64a(1), 52 Stat. 874 (repealed 1978). The substantive language of § 64a(1) was identical to the language of former § 64b(3).

5

on any of the appeals. *Id*. at 778-79.[4]

In *Consolidated Factors Corp.*, the Second Circuit clarified any ambiguity in *Diamond Fuel Co.* and strictly construed § 64b(3). Both the majority and dissenting opinions held that § 64b(3) covered fees incurred only in connection with the filing of the petition, and the Court disallowed fees incurred after the appointment of a trustee, including fees incurred in opposing the appointment of a receiver and in protecting and liquidating assets during the interim between the filing of the petition and the election of the trustee. *Consolidated Factors Corp.*, 59 F.2d at 194-95.[5] Other courts were similarly strict in limiting compensation under § 64b(3) of the Bankruptcy Act to "professional services rendered in procuring an adjudication." *Calhoun v. Stratton*, 61 F.2d 302, 303 (6th Cir. 1932).

The wording of § 503(b)(3) of the Bankruptcy Code is substantially similar to that of the prior law, except for the omission of a reference to "one" attorney. See *In re Sierra Pac. Broadcasters v. Solot*, 185 B.R. 575, 578 n.8 (9th Cir. B.A.P. 1995) (Section 64a(1), the 1938 recodification of § 64b(3), and § 503(b) are "virtually identical.").[6] Since the enactment of the 1978 Bankruptcy Code, courts in this Circuit have construed §§ 503(b)(3)(A) and 503(b)(4) in a manner that is consistent with prior authority. The Court in *In re Seatrain Lines, Inc.*, 21 B.R. 194, 196 (Bankr. S.D.N.Y. 1982), held that compensation could only be awarded to the extent that services rendered "directly relate[d] to the preparation and filing of the involuntary petition."

---

[4] As a consequence of the Court's failure to explain what services were covered by the award, a later Court assumed that *Diamond Fuel Co.* stands for the proposition that fees for sustaining an adjudication of bankruptcy on appeal were allowable under § 64b(3). See *In re On Tour, LLC*, 276 B.R. 407, 413-14 (Bankr. D. Md. 2002).

[5] The Court is aware that Judge Manton was the author of this opinion, but Judges Swan and Chase concurred in the Court's narrow reading of § 64b(3). Judge Swan dissented as to the disallowance of an award for some of the services performed before the date the trustee was appointed, but he agreed there could be no award for services in connection with opposing the appointment of a receiver, stating, "However meritorious the appellees' conduct in avoiding for the estate the expense of a receiver, and however beneficial their services in performing work for which the attorney for a receiver might have received an allowance, the Bankruptcy Act precludes an allowance for such services to the attorneys for the petitioning creditors." *Consolidated Factors Corp.*, 59 F.2d at 195 (Swan, C.J., dissenting).

[6] The legislative history confirms that no change was intended. 4 *Collier on Bankruptcy*, ¶ 503.LH[1][a] (15th ed. rev. 2005).

6

In *In re Crazy Eddie, Inc.*, 120 B.R. 273, 278 (Bankr. S.D.N.Y. 1982), the Court read "filing" to include "adjudicating" the petition and concluded that "the more reasoned approach…is to allow fees and costs incurred by petitioning creditors for work directly related to the preparation of the petition, and if there is opposition, to reasonable and necessary efforts to pursue a petition to a successful conclusion by entry of the order for relief." The Court in *Crazy Eddie* thus granted the petitioning creditors attorney's fees for work done beyond the preparation and filing of the involuntary petition, including the preparation of opposition to a motion for dismissal and sanctions, even though the involuntary case was eventually mooted when the debtor filed voluntary Chapter 11 cases for itself and thirty-nine of its subsidiaries. *Crazy Eddie, Inc.*, 120 B.R. at 275-76. In any event, there is no authority in this Circuit awarding fees incurred for activities that extend beyond the entry of an order for relief.[7]

Cases outside the Second Circuit, generally, have taken the approach of *Crazy Eddie* and have permitted reimbursement of expenses incurred in connection with adjudication of the petition. *In re On Tour, LLC*, 276 B.R. at 415; *In re Hanson Industries*, *Inc.* 90 B.R. 405, 410 (Bankr. Minn. 1988); *In re Westek Ga., LLC*, 317 B.R. 567, 570 (Bankr. M.D. Ga. 2004); *In re Indian Motorcycle Apparel and Accessories Co., Inc.*, 174 B.R. 659, 663 (Bankr. D. Mass. 1994). In *In re On Tour, Inc.*, the Court allowed some subsequent fees during the period after adjudication and prior to the conversion of the case and appointment of a Chapter 11 trustee, but the Court there emphasized that there was no functioning trustee acting to protect creditors. *Collier* concludes, "Entry of the order for relief acts as a cut-off point for the assertion of an administrative claim based on commencement of an involuntary case." 4 *Collier on Bankruptcy* ¶ 503.10[2][b] (15th ed. 2002), citing *Indian Motorcycle Apparel and Accessories Co., Inc.*, 174

---

[7] This Court implicitly adhered to the reading of §§ 503(b)(3)(A) and 503(b)(4) in *Crazy Eddie* when it granted the Petitioning Creditors' unopposed request for allowance of professional fees and expenses incurred in connection with the adjudication of the involuntary petition and the related motion for the appointment of an interim trustee.

7

B.R. at 663.

The only contrary authority cited by the Petitioning Creditors is *In re Klein,* 328 B.R. 597, 599 (Bankr. M.D. Fla. 2005). In *Klein*, the Court awarded attorney's fees to a petitioning creditor's attorney for time spent reviewing the trustee's motion to compel the debtor's cooperation and for other activities undertaken to assist the trustee after the entry of the order for relief. *Klein,* 328 B.R. at 599. The Court initially noted that such services ordinarily would not be compensable, but nonetheless, awarded the fees on the grounds that the attorney acted in good faith and the trustee accepted his services. *Id*.

Even if this Court had discretion to award the fees, in spite of Second Circuit authority, the equitable grounds asserted by the Petitioning Creditors in this case are not compelling. The Trustee and the Debtor had a stipulation extending the Trustee's time to respond to the Debtor's appeal in place on the day the Petitioning Creditors filed their brief. It cannot be said, as Petitioning Creditors imply, that the Trustee was not performing his duties adequately and that the case was in danger of default. There was no clear need for the Petitioning Creditors to file a brief, and while helpful to the estate, their services were those of a volunteer.

In their reply brief and in a subsequent letter to the Court, the Petitioning Creditors change course and, even though their motion was explicitly based on §§ 503(b)(3)(A) and 503(b)(4), cite § 503(b)(1) of the Bankruptcy Code as a source of judicial authority to grant them fees and expenses. Section 503(b)(1) provides for allowance of "the actual, necessary costs and expenses of preserving the estate…." The Petitioning Creditors cite miscellaneous cases, in which courts have awarded costs for preserving the estate, most of which do not involve legal fees and expenses.

Even if the Petitioning Creditors could change their position in their reply brief, their

8

contentions are inconsistent with the Supreme Court's decision in *Lamie v. United States Trustee*, 540 U.S. 526 (2004). There the Supreme Court held that a bankruptcy court has no general discretion to award compensation to debtors' attorneys from estate funds "unless they are employed as authorized by § 327" of the Bankruptcy Code. *Lamie,* 540 U.S. at 538. Although the issue there was the construction of § 330(a)(1) and not § 503(b)(3)(A) or § 503(b)(1), the Supreme Court made clear it that there is no discretionary authority under Chapter 7 to award legal fees from estate funds unless the attorneys are retained by court order. As the Court said, "Section 327's limitation on debtors' incurring debts for professional services without the chapter 7 trustee's approval is not absurd. In the context of a chapter 7 liquidation it advances the trustee's responsibility for preserving the estate." *Id*. at 537. The Court's reasoning applies equally to the fees of a creditor who purports to assist the trustee as it does to the fees of a debtor's attorney who provides a service to the estate.

In the context of this case, the Court has authority to award fees to the Petitioning Creditors under §§ 503(b)(3)(A) and 503(b)(4) only in connection with the "filing" of the petition. The services for which they seek compensation were performed after the appointment of a trustee without a retention order under § 327 and cannot be said to be in connection with the filing of the petition. The Trustee's objection is sustained. The Trustee is directed to settle an order on three days' notice.

Dated: New York, New York
April 12, 2006

>*/s/ Allan L. Gropper*
> UNITED STATES BANKRUPTCY JUDGE

9